# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES SHERIDAN, | ) |
| Plaintiff, | ) Case No._____ |
| v. | ) |
| | ) **COMPLAINT FOR VIOLATIONS OF** |
| | ) **THE FEDERAL SECURITIES LAWS** |
| FLIR SYSTEMS, INC., EARL R. LEWIS, | ) |
| JAMES J. CANNON, JOHN D. CARTER, | ) **JURY TRIAL DEMANDED** |
| WILLIAM W. CROUCH, CATHERINE A. | ) |
| HALLIGAN, ANGUS L. MACDONALD, | ) |
| MICHAEL T. SMITH, CATHY A. STAUFFER, | ) |
| ROBERT S. TYRER, JOHN W. WOOD, JR., | ) |
| and STEVEN E. WYNNE, | |
| Defendants. | |

Plaintiff James Sheridan ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against FLIR Systems, Inc. ("FLIR" or the "Company") and the members of FLIR's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which Teledyne Technologies Incorporated ("Teledyne") will acquire FLIR through Teledyne's subsidiaries Firework Merger Sub I, Inc. ("Merger Sub I") and Firework

Merger Sub II, LLC ("Merger Sub II") (the "Proposed Transaction").[1]

2. On January 4, 2021, FLIR and Teledyne jointly announced their entry into an Agreement and Plan of Merger dated January 4, 2021 (the "Merger Agreement"). Under the terms of the Merger Agreement, each FLIR stockholder will be entitled to receive: (a) $28.00 in cash, and (b) 0.0718 shares of Teledyne common stock for each share of FLIR common stock they own (the "Merger Consideration"). The Proposed Transaction is valued at approximately $8 billion.

3. On April 12, 2021, Teledyne filed a Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC. The Proxy, which recommends that FLIR stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (a) the financial projections for FLIR and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman"); and (b) Goldman's and Company insiders' potential conflicts of interest. Defendants authorized the issuance of the false and misleading Proxy in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event

---

[1] Non-party Teledyne is a Delaware corporation headquartered in Thousand Oaks, California. Teledyne's common stock trades on the New York Stock Exchange under the ticker symbol "TDY." Non-party Merger Sub I is a Delaware corporation and wholly owned subsidiary of Teledyne. Non-party Merger Sub II is a Delaware limited liability company and wholly owned subsidiary of Teledyne.

the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of FLIR.

10. Defendant FLIR is a Delaware corporation, with its principal executive offices located at 27700 SW Parkway Avenue, Wilsonville, Oregon 97070 and offices in Santa Barbara and Ventura, California. The Company is a world-leading industrial technology company focused on intelligent sensing solutions for defense and industrial applications. FLIR's common stock trades on the NASDAQ Global Select Market under the ticker symbol "FLIR."

11. Defendant Earl R. Lewis ("Lewis") has been Chairman of the Board since November 2000, and a director of the Company since 1999. Defendant Lewis previously served as the Company's President and Chief Executive Officer ("CEO") from November 2000 until his

3

retirement in May 2013.

12. Defendant James J. Cannon ("Cannon") has been President, CEO, and a director of the Company since June 2017.

13. Defendant John D. Carter ("Carter") has been a director of the Company since August 2003.

14. Defendant William W. Crouch ("Crouch") has been a director of the Company since May 2005.

15. Defendant Catherine A. Halligan ("Halligan") has been a director of the Company since March 2014.

16. Defendant Angus L. Macdonald ("Macdonald") has been a director of the Company since April 2001.

17. Defendant Michael T. Smith ("Smith") has been a director of the Company since July 2002. Defendant Smith also serves as Lead Director on the Teledyne board, where he has been a director since 2001.

18. Defendant Cathy Stauffer ("Stauffer") has been a director of the Company since March 2014.

19. Defendant Robert S. Tyrer ("Tyrer") has been a director of the Company since October 2017.

20. Defendant John W. Wood, Jr. ("Wood") has been a director of the Company since May 2009.

21. Defendant Steven E. Wynne ("Wynne") has been a director of the Company since November 1999.

22. As noted above, the defendants identified in paragraphs 11-20 are referred to herein as the "Board" or the "Individual Defendants."

# SUBSTANTIVE ALLEGATIONS

## The Proposed Transaction

23. On January 04, 2021, FLIR and Teledyne jointly announced in relevant part:

THOUSAND OAKS, Calif. and ARLINGTON, Va. – January 4, 2021 – Teledyne Technologies Incorporated (NYSE:TDY) ("Teledyne") and FLIR Systems, Inc. (NASDAQ:FLIR) ("FLIR") jointly announced today that they have entered into a definitive agreement under which Teledyne will acquire FLIR in a cash and stock transaction valued at approximately $8.0 billion.

Under the terms of the agreement, FLIR stockholders will receive $28.00 per share in cash and 0.0718 shares of Teledyne common stock for each FLIR share, which implies a total purchase price of $56.00 per FLIR share based on Teledyne's 5-day volume weighted average price as of December 31, 2020. The transaction reflects a 40% premium for FLIR stockholders based on FLIR's 30-day volume weighted average price as of December 31, 2020.

As part of the transaction, Teledyne has arranged a $4.5 billion 364-day credit commitment to fund the transaction and refinance certain existing debt. Teledyne expects to fund the transaction with permanent financing prior to closing. Net leverage at closing is expected to be approximately 4.0x adjusted pro forma EBITDA with leverage declining to less than 3.0x by the end of 2022.

Teledyne expects the acquisition to be immediately accretive to earnings, excluding transaction costs and intangible asset amortization, and accretive to GAAP earnings in the first full calendar year following the acquisition.

"At the core of both our companies is proprietary sensor technologies. Our business models are also similar: we each provide sensors, cameras and sensor systems to our customers. However, our technologies and products are uniquely complementary with minimal overlap, having imaging sensors based on different semiconductor technologies for different wavelengths," said Robert Mehrabian, Executive Chairman of Teledyne. "For two decades, Teledyne has demonstrated its ability to compound earnings and cash flow consistently and predictably. Together with FLIR and an optimized capital structure, I am confident we shall continue delivering superior returns to our stockholders."

"FLIR's commitment to innovation spanning multiple sensing technologies has allowed our company to grow into the multi-billion-dollar company it is today," said Earl Lewis, Chairman of FLIR. "With our new partner's platform of complementary technologies, we will be able to continue this trajectory, providing our employees, customers and stockholders even more exciting momentum for growth. Our Board fully supports this transaction, which delivers immediate value and the opportunity to participate in the upside potential of the combined company."

Jim Cannon, President and Chief Executive Officer of FLIR, said, "We could not be more excited to join forces with Teledyne through this value-creating transaction. Together, we will offer a uniquely complementary end-to-end portfolio of sensory technologies for all key domains and applications across a well-balanced, global customer base. We are pleased to be partnering with an organization that shares our focus on continuous innovation and operational excellence, and we look forward to working closely with the Teledyne team as we bring our two companies together to capitalize on the important opportunities ahead."

**Fourth Quarter Financial Results**

In a separate press release issued today, Teledyne announced improved preliminary financial results for the fourth quarter and full year 2020. The Teledyne press release is available on www.teledyne.com. FLIR noted today that it expects to meet or exceed the full year fiscal 2020 guidance it provided on October 30, 2020.

**Approvals and Timing**

The transaction, which has been approved by the boards of directors of both companies, is expected to close in the middle of 2021 subject to the receipt of required regulatory approvals, including expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act, approvals of Teledyne and FLIR stockholders and other customary closing conditions.

## The Proxy Contains Material Misstatements or Omissions

24. The defendants filed a materially incomplete and misleading Proxy with the SEC and disseminated it to FLIR's stockholders. The Proxy misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

25. Specifically, as set forth below, the Proxy fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the financial projections for FLIR and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor, Goldman; and (b) Goldman's and Company insiders' potential conflicts of interest.

*Material Omissions Concerning the Financial Projections for FLIR and Goldman's Financial Analyses*

26. The Proxy omits material information regarding the financial projections for FLIR, including all line items underlying the calculation of (a) unlevered free cash flow, (b) adjusted EBITDA, and (c) adjusted EPS.

27. The Proxy describes Goldman's fairness opinion and the various valuation analyses it performed in support of its opinion. However, the description of Goldman's fairness opinion and analyses fails to include material information such as the key inputs and assumptions underlying these analyses. Without this information, as described below, FLIR's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Goldman's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

28. With respect to Goldman's *Implied Premia and Multiple Analysis*, the Proxy fails to disclose the individual research analyst price targets utilized in the analysis.

29. With respect to Goldman's *Illustrative Discounted Cash Flow Analysis*, the Proxy fails to disclose: (a) quantification of the range of terminal values for FLIR; (b) quantification of the inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%; and (c) Goldman's basis for applying EV/EBITDA multiples of 12.0x to 15.0x in deriving the terminal value of the Company.

30. With respect to Goldman's *Illustrative Present Value of Future Share Price Analysis* of FLIR and of the *Implied value of Consideration per Company Share*, the Proxy fails to disclose: (a) the NTM EPS estimates of FLIR, or clarification that they are the same as the adjusted EPS figures set forth in the Company's projections on page 101 of the Proxy; and (b) quantification of the inputs and assumptions underlying the discount rate of 8.25%.

31. The omission of this material information renders the statements in the "Unaudited Prospective Financial Information Used by the FLIR Board of Directors and FLIR's Financial Advisor" and "Opinion of the Company's Financial Advisor" sections of the Proxy false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Goldman's and Company Insiders' Potential Conflicts of Interest*

32. The Proxy fails to disclose material information concerning the potential conflicts of interest faced by Goldman, including the amount of compensation Goldman has received from FLIR for certain financial advisory and/or underwriting services provided.

33. The Proxy further fails to disclose whether any other division of Goldman has performed any services for FLIR or Teledyne in the two years prior to the date of Goldman's fairness opinion and, if so, the details of the services Goldman performed and the amount of compensation Goldman received for such services.

34. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

35. The Proxy also omits material information regarding the potential conflicts of interest faced by Company insiders.

36. For example, in the January 4, 2021 press release announcing the Proposed Transaction, defendant Cannon is quoted as stating, "We are pleased to be partnering with an organization that shares our focus on continuous innovation and operational excellence, and we look forward to working closely with the Teledyne team as we bring our two companies together to capitalize on the important opportunities ahead." The Proxy fails, however, to disclose the details of any employment and retention-related discussions and negotiations that occurred

8

between Teledyne and FLIR's executive officers, including who participated in all such communications, when they occurred and their content. The Proxy further fails to disclose whether any of Teledyne's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

37. The omission of this material information renders the statements in the "Opinion of the Company's Financial Advisor" and "Background of the Mergers" sections of the Proxy false and/or materially misleading in contravention of the Exchange Act.

38. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of FLIR will be unable to make an informed voting or appraisal decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

39. Plaintiff repeats all previous allegations as if set forth in full.

40. During the relevant period, defendants disseminated the false and misleading Proxy specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

41. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy. The Proxy was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about FLIR's financial projections, the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Goldman, and Goldman's and Company insiders' potential conflicts of interest. The defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

42. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

43. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

44. Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for
### Violations of Section 20(a) of the Exchange Act

45. Plaintiff repeats all previous allegations as if set forth in full.

46. The Individual Defendants acted as controlling persons of FLIR within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of FLIR, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the

decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

49. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, FLIR's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of FLIR, and against defendants, as follows:

    A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to FLIR stockholders;

    B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

    C.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

    D.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

    E.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: April 12, 2021

LONG LAW, LLC

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*